IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41407
Summary Calendar
_____

UNITED STATES OF AMERICA

      Plaintiff - Appellee

  v.

RYAN CHRISTOPHER REAGAN

      Defendant - Appellant

_____
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:00-CR-9-ALL
_____
June 26, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ryan Christopher Reagan appeals his guilty plea conviction for bank robbery in violation of 18 U.S.C. § 2113(a). Reagan argues that the district court improperly assigned a two-level sentence enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for using a threat of death during the course of the robbery and that the district court's imposition of a $1,500 fine was error.

Section 2B3.1(b)(2)(F) of the Sentencing Guidelines provides that when a defendant uses a threat of death as part of a bank robbery, a two-level enhancement applies. The threat of death

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may be an oral or written statement, an act, a gesture, or a combination thereof.  U.S.S.G. § 2B3.1, comment. (n.6).  In committing the robbery, Reagan passed a note to the bank teller stating that, if she did not hand over all the money in the drawer, "I do have a device that will hurt a great deal," he had his right hand in his pocket, and the Government introduced testimony that the bank teller feared for her life.  The district court did not err in applying U.S.S.G. § 2B3.1(b)(2)(F).

The district court's imposition of a fine $6,000 less than that recommended in the PSR is not clearly erroneous and is specifically authorized by U.S.S.G. § 5E1.2(e).  See United States v. O'Banion, 943 F.2d 1422, 1431-32 (5th Cir. 1991).  The judgment of the district court is AFFIRMED.